UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY

IN THE MATTER OF )
THE EXTRADITION OF ) Mag. No. 14-3225 (JBC)
WIESLAW KOZLOWSKI )

CRIMINAL COMPLAINT

(18 U.S.C. § 3184 – Fugitive From Foreign Country to United States)

I, the undersigned Assistant United States Attorney, being duly sworn, state on information and belief that the following is true and correct:

1. In this matter, I act for and on behalf of the Government of the Republic of Poland.

2. There is an extradition treaty in force between the United States and the Republic of Poland, signed 10 July 1996, and Article 3(2) of the Extradition Agreement between the United States and the Republic of Poland, signed at Washington 25 June 2003, with Annex, signed 9 June 2006.

3. Pursuant to the treaty, the Government of the Republic of Poland has submitted a formal request through diplomatic channels for the extradition of Wieslaw Kozlowski ("KOZLOWSKI").

4. KOZLOWSKI was charged with theft, in violation of Article 278, Section 1 of the Penal Code of the Republic of Poland, committed within the jurisdiction of the requesting state, and a warrant for his arrest was issued on March 12, 2004 by the District Court in Suwalki, Poland. In or about December 1995, KOZLOWSKI appeared for a hearing in the District Court in

wherein he admitted his guilt to the charged conduct. Thereafter, on or about March 6, 1996, a temporary detention order was issued for KOZLOWSKI but he could not be located. Thereafter, on or about October 5, 2005, the General Consulate of the Republic of Poland in New York discovered that KOZLOWSKI was in the United States as his photograph was positively identified by one of his former co-workers, a police officer who previously worked with KOZLOWSKI. Since then, KOZLOWSKI has been a fugitive.

5. The warrant for KOZLOWSKI's arrest was issued on the basis of the following facts:

(a) On July 27, 1995, KOZLOWSKI, as a police officer for the District of Augustow, oversaw the delivery of a confiscated shipment of cigarettes to the evidence storage facility at police headquarters.

(b) Acting jointly with fellow police officers Wlodzimierz Iwanow and Miroslaw Kpoc, KOZLOWSKI removed 1,000 cartons of Golden American and HB cigarettes from the shipment and illegally sold those cartons to Jan Haraburda for 10,000 PLN.

6. KOZLOWSKI may be found within the jurisdiction of this court at a residence in Clifton, New Jersey.

7. Elizabeth M. O'Connor, an attorney in the Office of the Legal Adviser of the United States Department of State, has provided the Department of Justice with a declaration authenticating a copy of the diplomatic note by which the request for extradition was made and a copy of the extradition treaty between the United States and the Republic of Poland, stating that the offenses

for which extradition is demanded are covered by the treaty, and confirming that the documents supporting the request for extradition are properly certified by the principal American diplomatic or consular officer in the Republic of Poland, in accordance with Title 18, United States Code, Section 3190, so as to enable them to be received in evidence.

8. The declaration from the Department of State with its attachments, including a copy of the diplomatic note from the requesting state, a copy of the relevant extradition treaty, and the certified documents submitted in support of the request (marked collectively as Government's Exhibit #1), are filed with this complaint and incorporated by reference herein.

9. KOZLOWSKI would be likely to flee if he learned of the existence of a warrant for his arrest.

WHEREFORE, the undersigned requests that a warrant for the arrest of WOZLOWSKI be issued in accordance with the Extradition Treaty between the United States and the Republic of Poland, and Title 18, United States Code, Section 3184, so that the fugitive may be arrested and brought before this court, "to the end that the evidence of criminality may be heard and considered," and that this complaint and the warrant be placed under the seal of the court until such time as the warrant is executed.

Jenny Kramer
Assistant U.S. Attorney

3

Sworn to before me and subscribed in my presence this 3rd day of November, 2014, at Newark, New Jersey.

_____
Honorable James B. Clark, III
United States Magistrate Judge