Sygnatura akt II Kp 112/04

## POSTANOWIENIE

### o zastosowaniu tymczasowego aresztowania w postępowaniu przygotowawczym

Dnia 12 marca 2004 roku

**Sąd Rejonowy w Suwałkach - II Wydział Karny**

**Przewodniczący** Asesor Sądu Rejonowego Tomasz Kisiel

**Protokolant** Anna Makarska

przy udziale Prokuratora Józefa Murawko

na posiedzeniu w dniu 12 marca 2004 roku

na wniosek Prokuratora Prokuratury Okręgowej w Suwałkach z dnia 8 marca 2004 roku

w sprawie - sygnatura akt Ds.37/96

w przedmiocie zastosowania tymczasowego aresztowania w stosunku do

### WIESŁAWA JANA KOZŁOWSKIEGO

podejrzanego o to, że:

w dniu 27 lipca 1995 roku będąc funkcjonariuszem policji na terenie Komendy Rejonowej Policji w Augustowie w czasie przyjmowania jako dowodów rzeczowych z samochodu marki STAR o numerze rejestracyjnym TYC 3541 ładunku zatrzymanych i zabezpieczonych do postępowania przygotowawczego papierosów pochodzących z przemytu, wspólnie i w porozumieniu z innymi osobami, w celu osiągnięcia korzyści majątkowej zabrał w celu przywłaszczenia co najmniej 1000 kartonów po 10 paczek w każdym papierosów marki „Golden American", „HB" i innych wartości co najmniej 28.000,00 złotych, a następnie pomógł wywieźć te papierosy z terenu Komendy Rejonowej w Augustowie i odprzedać Janowi Haraburda za kwotę 10.000,00 złotych, czym działał na szkodę Skarbu Państwa.

**to jest o przestępstwo określone w artykule 278 paragraf 1 kodeksu karnego**

II. w dniu 3 września 1995roku będąc funkcjonariuszem policji na terenie Komendy rejonowej Policji w Augustowie w czasie przyjmowania jako dowodów rzeczowych z samochodu marki STAR o numerze rejestracyjnym SWL 7916 ładunku zatrzymanych i zabezpieczonych do postępowania przygotowawczego papierosów pochodzących



*Za zgodność z oryginałem świadczę*

Prokurator Prokuratury Okręgowej w Suwałkach

z przemytu wspólnie i w porozumieniu z innymi osobami, w celu osiągnięcia korzyści majątkowej zabrał w celu przywłaszczenia co najmniej 1000 kartonów po 10 paczek, w każdym papierosów marki „Golden American", „Malboro", „HB"i innych, wartości co najmniej 28.000,00 złotych, a następnie pomógł wywieźć te papierosy z terenu Komendy Rejonowej Policji w Augustowie i odsprzedać janowi Haraburda za kwotę około 20.000, 00 złotych otrzymaną w markach niemieckich i złotówkach, czym działał na szkodę Skarbu Państwa

**to jest o przestępstwo określone w artykule 278 paragraf 1 kodeksu karnego**

**na podstawie artykułu 249 kodeksu postępowania karnego, artykułu 258 paragraf 1 punkt 1 kodeksu postępowania karnego, artykułu 263 paragraf 1 kodeksu postępowania karnego,**

**postanawia**

zastosować wobec **WIESŁAWA JANA KOZŁOWSKIEGO** syna Frydrycha i Haliny, urodzony 9 listopada 1966 roku w Rajgrodzie środek zapobiegawczy w postaci tymczasowego aresztowania na okres 14 dni od chwili zatrzymania

### UZASADNIENIE

Wiesław Jan Kozłowski podejrzany jest o popełnienie czynu z artykułu 278 paragraf 1 kodeksu karnego. Zebrany w sprawie materiał dowodowy, w szczególności w postaci zeznań świadków oraz dowodów z dokumentów, w wysokim stopniu uprawdopodobnił, iż dopuścił się on zarzucanych mu przestępstw.

Podejrzany nie stawia się na wezwania Prokuratury. Z informacji uzyskanych przez Policję wynika, że wymieniony nie przebywa w miejscu stałego zamieszkania i opuścił terytorium Polski to jest od pewnego czasu przebywa za granicę. Tym samym zdaniem Sądu wyżej wymieniony uniemożliwia zakończenie postępowania.

W tych okolicznościach zachodzi także uzasadniona obawa, iż podejrzany ukrywa się przed organami ścigania.

Nadmienić należy, iż prokurator Wojewódzki w Suwałkach postanowieniem z dnia 05 marca 1996 roku w sprawie Ds.77/96 zastosował wobec wyżej wymienionego tymczasowe aresztowanie na okres 7 dni od zatrzymania, jednakże postanowieniem



*Za zgodność
z oryginałem
świadczę*

Prokurator Prokuratury Okręgowej
w Suwałkach

z dnia 26 sierpnia 2003 roku zmieniono postawione zarzuty.

Mając na uwadze powyższe - celem zabezpieczenia prawidłowego toku postępowania w sprawie - należało orzec jak we wstępie.

**Asesor Sądu Rejonowego**
/-/ Tomasz Kisiel

### Pouczenie

Na powyższe postanowienie służy podejrzanemu zażalenie do Sądu Okręgowego w Suwałkach w terminie zawitym 7dni od daty dostarczenia odpisu postanowienia. Wniesienie zażalenia po tym terminie jest bezskuteczne (artykuł 122 i 460 kodeksu postępowania karnego).

Zażalenie składa się za pośrednictwem Sądu, który wydał postanowienie. Podejrzany może składać w każdym czasie wniosek o uchylenie lub zmianę środka zapobiegawczego do Prokuratora Prokuratury, do dyspozycji której pozostaje (artykuł 254 kodeksu postępowania karnego)

Potwierdzenie odbioru odpisu postanowienia

Otrzymałem odpis postanowienia o tymczasowym aresztowaniu wraz z pouczeniem i zostałem powiadomiony o treści wydanych zarządzeń i pouczeniu w dniu _____ godz._____.

_____
data i podpis podejrzanego

Pieczęć podłużna o treści:
POSTANOWIENIE
JEST WYKONALNE

Pieczęć okrągła z godłem państwowym o treści w otoku:
SĄD REJONOWY * W SUWAŁKACH *

Pieczęć podłużna o treści:
Za zgodność z oryginałem świadczę.
Inspektor
Anna Makarska
/-/ podpis nieczytelny



Za zgodność
z oryginałem
świadczę

Prokurator Prokuratury Okręgowej
w Suwałkach

Cezary T. Grabała

Pieczątka podłużna o treści:
**Prokuratura Okręgowa
ulica Generała K. Pułaskiego 26
16-400 Suwałki
telefon 087 567-75-71**

Sygnatura akt Ds. 37/96

## POSTANOWIENIE

### o poszukiwaniu podejrzanego listem gończym

Dnia 23 marca 2004 roku

Józef Murawko - Prokurator Prokuratury Okręgowej w Suwałkach

w sprawie przeciwko WIESŁAWOWI JANOWI KOZŁOWSKIEMU

podejrzanemu o przestępstwo z artykułu 278 paragraf 1 kodeksu karnego i 278 paragraf 1 kodeksu karnego

- na podstawie artykułu 279 paragraf 1 kodeksu postępowania karnego

**postanowił:**

zarządzić poszukiwanie listem gończym ukrywającego się podejrzanego WIESŁAWA JANA KOZŁOWSKIEGO, co do którego wydano w dniu 12 marca 2004 roku postanowienie o tymczasowym aresztowaniu.

### UZASADNIENIE

Wiesław Jan Kozłowski podejrzany jest o czyn z artykułu 278 paragraf 1 kodeksu karnego, 278 paragraf 1 kodeksu karnego. W trakcie prowadzonego przeciwko wymienionemu postępowania przygotowawczego ustalono, iż nie przebywa on w miejscu swego zamieszkania, najprawdopodobniej wyjechał za granicę kraju i ukrywa się przed organami wymiaru sprawiedliwości.

Mając na uwadze powyższe, należało rozesłać za podejrzanym listy gończe.

Pieczątka o treści:
**NACZELNIK
WYDZIAŁU ŚLEDCZEGO
PROKURATURY OKRĘGOWEJ W SUWAŁKACH
JÓZEF MURAWKO**
/-/ podpis nieczytelny

Pieczęć okrągła z godłem państwowym i napisem w otoku:
**Prokuratura Okręgowa w Suwałkach**

Zarządzenie:
Sporządzić list gończy i przesłać go do Komendy Powiatowej Policji w Augustowie



*Za zgodność
z oryginałem
świadczę*

Prokurator Prokuratury Okręgowej
w Suwałkach

Pieczątka o treści:
**Prokuratura Okręgowa**
**ulica Generała K. Pułaskiego 26**
**16-400 Suwałki**
**telefon (087) 567-75-71**

Sygnatura akt Ds.37/96               Suwałki, dnia   23 marca 2004 roku

### KOMENDA POWIATOWA POLICJI
### W AUGUSTOWIE

### LIST GOŃCZY

Prokurator Okręgowy w Suwałkach stosownie do postanowienia z dnia 23 marca 2004 roku wydanego na podstawie artykułu 279 paragraf 1 kodeksu postępowania karnego w sprawie Ds.37/96

I. Zarządza poszukiwanie listem gończym niżej wymienionego podejrzanego :

1. Nazwisko i imiona KOZŁOWSKI WIESŁAW JAN
2. Pseudonim - brak danych
3. Imię ojca - Frydrych
    Imię i nazwisko panieńskie matki Halina z domu Sztejter
4. Data i miejsce urodzenia 1966 - 11 - 09 Rajgród
5. Ostatnie miejsce zamieszkania Augustów, ulica Śródmieście 28/23
6. Ostatnie miejsce pracy - Komenda Rejonowa Policji w Augustowie
7. Adres rodziców lub rodziny Augustów, ulica Śródmieście 28/23
8. Zawód - technik rolnik
9. Rysopis - brak danych
10. Krótki opis czynu przestępnego zarzucanego poszukiwanemu oraz kwalifikacja prawna - 278 paragraf 1 kodeksu karnego, 278 paragraf 1 kodeksu karnego
11. Data i sygnatura postanowienia o tymczasowym aresztowaniu - 12 marca 2004 roku II Kp.112/04
12. Rozpowszechnianie listu gończego nastąpi poprzez

*Za zgodność*
*z oryginałem*
*świadczę*



Prokurator Prokuratury Okręgowej
w Suwałkach



*Cezary T. Grabala*

Wzywa się każdego, kto zna miejsce pobytu poszukiwanego, do zawiadomienia o tym najbliższej jednostki Policji lub prokuratora (artykuł 280 paragraf 1 punkt 4 kodeksu postępowania karnego).

Ostrzega się, że za ukrywanie poszukiwanego lub dopomaganie mu w ucieczce grozi kara pozbawienia wolności do lat 5 (artykuł 239 paragraf 1 kodeksu karnego). Za ujęcie lub przyczynienie się do ujęcia poszukiwanego wyznaczono nagrodę w wysokości _____ złotych

Udziela się zapewnienia o utrzymaniu tajemnicy co do osoby informującej (artykuł 280 paragraf 2 kodeksu postępowania karnego).

Załączniki:
1. Odpis postanowienia o tymczasowym aresztowaniu
2. Nakaz przyjęcia do najbliższego aresztu śledczego.

Pieczęć okrągła z godłem państwowym i napisem w otoku:
**Prokuratura Okręgowa w Suwałkach**

Pieczątka o treści:
**NACZELNIK
WYDZIAŁU ŚLEDCZEGO
PROKURATURY OKRĘGOWEJ W SUWAŁKACH
JÓZEF MURAWKO**
/-/ podpis nieczytelny

23.03.2004 rok

*Za zgodność
z oryginałem
świadczę*

Prokurator Prokuratury Okręgowej
w Suwałkach

*Cezary T. Grabala*



**KOZŁOWSKI WIESŁAW JAN**

syn Frydrycha i Haliny z domu Sztejter,

urodzony 09.11.1966 roku

PESEL: 66110907772

Zdjęcie zeskanowane.

Podejrzany o popełnienie przestępstw z artykułu 278 paragraf 1 kodeksu karnego

*Za zgodność z oryginałem*
Prokurator Prokuratury Okręgowej
świadczę - Suwałkach




Cezary F. Grabala

## WYCIĄG Z KODEKSU KARNEGO

## USTAWA
z dnia 6 czerwca 1997 roku
Kodeks karny.
(Dziennik Ustaw z dnia 2 sierpnia 1997 roku)

**Artykuł 101. Paragraf 1.** Karalność przestępstwa ustaje, jeżeli od czasu jego popełnienia upłynęło lat:

1) 30 - gdy czyn stanowi zbrodnię zabójstwa,

2) 20 - gdy czyn stanowi inną zbrodnię,

2a) 15 – gdy czyn stanowi występek zagrożony karą pozbawienia wolności przekraczającą 5 lat,

3) 10 - gdy czyn stanowi występek zagrożony karą pozbawienia wolności przekraczającą 3 lata,

4) 5 - gdy chodzi o pozostałe występki.

**Paragraf 2.** Karalność przestępstwa ściganego z oskarżenia prywatnego ustaje z upływem roku od czasu, gdy pokrzywdzony dowiedział się o osobie sprawcy przestępstwa, nie później jednak niż z upływem 3 lat od czasu jego popełnienia.

**Paragraf 3.** W wypadkach przewidzianych w paragrafie 1 lub 2, jeżeli dokonanie przestępstwa zależy od nastąpienia określonego w ustawie skutku, bieg przedawnienia rozpoczyna się od czasu, gdy skutek nastąpił.

**Artykuł 102.** Jeżeli w okresie przewidzianym w artykule 101 wszczęto postępowanie przeciwko osobie, karalność popełnionego przez nią przestępstwa określonego w paragrafie 1 punkt 1-3 ustaje z upływem 10 lat, a w pozostałych wypadkach – z upływem 5 lat od zakończenia tego okresu.

**Artykuł 103. Paragraf 1.** Nie można wykonać kary, jeżeli od uprawomocnienia się wyroku skazującego upłynęło lat:

1) 30 - w razie skazania na karę pozbawienia wolności przekraczającą 5 lat albo karę surowszą,

2) 15 - w razie skazania na karę pozbawienia wolności nie przekraczającą 5 lat,

3) 10 - w razie skazania na inną karę.



*Za zgodność
z oryginałem
świadczę*

Prokurator Prokuratury Okręgowej
w Suwałkach

*Cezary T. Grabala*

## WYCIĄG Z KODEKSU KARNEGO

## USTAWA

z dnia 6 czerwca 1997 roku

### Kodeks karny.

(Dziennik Ustaw z dnia 2 sierpnia 1997 roku)

**Artykuł 101. Paragraf 1.** Karalność przestępstwa ustaje, jeżeli od czasu jego popełnienia upłynęło lat:

1) 30 - gdy czyn stanowi zbrodnię zabójstwa,

2) 20 - gdy czyn stanowi inną zbrodnię,

2a) 15 – gdy czyn stanowi występek zagrożony karą pozbawienia wolności przekraczającą 5 lat,

3) 10 - gdy czyn stanowi występek zagrożony karą pozbawienia wolności przekraczającą 3 lata,

4) 5 - gdy chodzi o pozostałe występki.

**Paragraf 2.** Karalność przestępstwa ściganego z oskarżenia prywatnego ustaje z upływem roku od czasu, gdy pokrzywdzony dowiedział się o osobie sprawcy przestępstwa, nie później jednak niż z upływem 3 lat od czasu jego popełnienia.

**Paragraf 3.** W wypadkach przewidzianych w paragrafie 1 lub 2, jeżeli dokonanie przestępstwa zależy od nastąpienia określonego w ustawie skutku, bieg przedawnienia rozpoczyna się od czasu, gdy skutek nastąpił.

**Artykuł 102.** Jeżeli w okresie przewidzianym w artykule 101 wszczęto postępowanie przeciwko osobie, karalność popełnionego przez nią przestępstwa określonego w paragrafie 1 punkt 1-3 ustaje z upływem 10 lat, a w pozostałych wypadkach – z upływem 5 lat od zakończenia tego okresu.

**Artykuł 103. Paragraf 1.** Nie można wykonać kary, jeżeli od uprawomocnienia się wyroku skazującego upłynęło lat:

1) 30 - w razie skazania na karę pozbawienia wolności przekraczającą 5 lat albo karę surowszą,

2) 15 - w razie skazania na karę pozbawienia wolności nie przekraczającą 5 lat,

3) 10 - w razie skazania na inną karę.

*Za zgodność z oryginałem świadczę*

Prokurator Prokuratury Okręgowej w Suwałkach

*Cezary T. Grabala*



**Paragraf 2.** Przepis paragrafu 1 punkt 3 stosuje się odpowiednio do środków karnych wymienionych w artykule 39 punkty 1-4 oraz 6 i 7; przepis paragrafu 1 punkt 2 stosuje się odpowiednio do środka karnego wymienionego w artykule 39 punkt 5.

**Artykuł 104. paragraf 1.** Przedawnienie nie biegnie, jeżeli przepis ustawy nie pozwala na wszczęcie lub dalsze prowadzenie postępowania karnego; nie dotyczy to jednak braku wniosku albo oskarżenia prywatnego.

**Paragraf 2.** Przedawnienie w stosunku do przestępstw określonych w artykule 144, artykule 145 paragraf 2 lub 3, artykule 338 paragraf 1 lub 2 oraz w artykule 339 biegnie od chwili uczynienia zadość obowiązkowi albo od chwili, w której na sprawcy obowiązek przestał ciążyć.

**Artykuł 105. Paragraf 1.** Przepisów artykułów 101-103 nie stosuje się do zbrodni przeciwko pokojowi, ludzkości i przestępstw wojennych.

**Paragraf 2.** Przepisów artykułów 101-103 nie stosuje się również do umyślnego przestępstwa: zabójstwa, ciężkiego uszkodzenia ciała, ciężkiego uszczerbku na zdrowiu lub pozbawienia wolności łączonego ze szczególnym udręczeniem, popełnionego przez funkcjonariusza publicznego w związku z pełnieniem obowiązków służbowych.

**Artykuł 278. Paragraf 1.** Kto zabiera w celu przywłaszczenia cudzą rzecz ruchomą, podlega karze pozbawienia wolności od 3 miesięcy do lat 5.

*Za zgodność
z oryginałem
świadczę*

Prokurator Prokuratury Okręgowej
w Suwałkach

Cezary T. Grabala