**ILASZ & ASSOCIATES**
ATTORNEYS AND COUNSELORS AT LAW

*OF COUNSEL:*
*NEAL WIESNER*
*PAWEL PIECHOWSKI*

1 Maiden Lane, 9th Fl., New York NY 10038
Tel. (212) 480-2222, Fax (212) 480-2958
E-mail: ILASMOLAN@AOL.COM

1035 Rt. 46 East, Ste 105 Clifton NJ 07013
Tel. (973) 773-9060

Ul. Chlodna 51, Lok. 36/19
00-867 Warszawa
Poland
+48 22 223 0528

**COURTESY COPY**

November 14, 2014

Hon. James B. Clark, III
United States Magistrate Judge
United States Courthouse
50 Walnut Street
Newark, New Jersey 07101

Assigned Document
Number 9

By ECF

Re: <u>In the Matter of the Extradition of Wieslaw Kozlowski, Mag. No. 14-3225 (JBC)</u>

Dear Judge Clark,

   As you know, I represent Wieslaw Kozlowski with respect to the above-referenced matter. I write further to my client's request for bail pending resolution of Poland's pending extradition request.

   As you also know, in addition to being an attorney practicing in New York and New Jersey, I am qualified and admitted to practice law in the nation of Poland, maintaining an office in Warsaw for the purpose of doing so. The alleged substantive offense - now nearly two decades old - underlying the instant request for extradition would be bailable in Poland which, as described later, is relevant to consideration of the instant application.

   In short, the detainee, a former police officer for the District of Augustow, Poland, is being held pursuant to a request by Poland to extradite him to face charges that on two occasions in 1995 he and other police officers skimmed around a 1,000 cartons of cigarettes from cigarettes that had been seized as untaxed and then sold them for a total equivalent to around ten thousand dollars. While respondent does not concede culpability, he does report that during this period such conduct was commonly -

**ORIGINAL FILED
BY ECF**

**ILASZ & ASSOCIATES**
ATTORNEYS AND COUNSELORS AT LAW

1 Maiden Lane, 9th Fl., New York NY 10038
Tel. (212) 480-2222, Fax (212) 480-2958
E-mail: ILASMOLAN@AOL.COM

OF COUNSEL:
NEAL WIESNER
PAWEL PIECHOWSKI

1035 Rt. 46 East, Ste 105 Clifton NJ 07013
Tel. (973) 773-9060

Ul. Chlodna 51, Lok. 36/19
00-867 Warszawa
Poland
+48 22 223 0528

November 14, 2014

Hon. James B. Clark, III
United States Magistrate Judge
United States Courthouse
50 Walnut Street
Newark, New Jersey 07101

By ECF

Re: In the Matter of the Extradition of Wieslaw Kozlowski, Mag. No. 14-3225 (JBC)

Dear Judge Clark,

As you know, I represent Wieslaw Kozlowski with respect to the above-referenced matter. I write further to my client's request for bail pending resolution of Poland's pending extradition request.

As you also know, in addition to being an attorney practicing in New York and New Jersey, I am qualified and admitted to practice law in the nation of Poland, maintaining an office in Warsaw for the purpose of doing so. The alleged substantive offense - now nearly two decades old - underlying the instant request for extradition would be bailable in Poland which, as described later, is relevant to consideration of the instant application.

In short, the detainee, a former police officer for the District of Augustow, Poland, is being held pursuant to a request by Poland to extradite him to face charges that on two occasions in 1995 he and other police officers skimmed around a 1,000 cartons of cigarettes from cigarettes that had been seized as untaxed and then sold them for a total equivalent to around ten thousand dollars. While respondent does not concede culpability, he does report that during this period such conduct was commonly -

Hon. James B. Clark, III
November 14, 2014
Page Two


albeit errantly - thought to be an acceptable practice within the culture of the officers of his former Police Department. Notwithstanding, my client strenuously rejects such a view today, nearly two decades later, as immature, cynical and simply wrong.

Mr. Kozlowski is a resident of Clifton, where he lives with his wife and two children. His son recently received his Associates Degree from Passaic County Community College, graduating with honors. His daughter, a graduate of Clifton High School, recently completed her training as an aesthetician.

The family is religious, and attends mass together every Sunday at Holy Rosary Parish where mass is conducted in his native Polish. Mr. Kozlowski is one of the parish's lay leaders and his participation in church activities, among them as a prayer leader, is well known to Father Stefen Las, the parish priest.

Mr. Kozlowski arrived in the United States alone initially leaving his family behind in Poland. It was during this time of separation that he developed a severe drinking problem which he finally overcame, through participation in Alcoholics Anonymous ("AA"), in 2004. He has now been sober for 10 years. He continues to be active in AA regularly attending meetings, and runs his own AA group called "Awakening" in Garfield. He is presently a sponsor of a number alcoholics in their recovery. All his church and AA work is, of course, done *pro bono.*

After his recovery, Mr. Kozlowski started a small construction company which continues to this day, presently employing two additional workers. Other than a conviction for Unlawful Taking of Means of Conveyance in 2004, for which he was fined $50, and some driving-related offenses, all of which relate to and arose during his period of alcoholism, as did the Unlawful Taking offense, he has no criminal record.

Prior to this detention, beyond his volunteer work for AA and his church, he spent his free time studying history and taking family trips camping and in the mountains.

We submit that Mr. Kozlowski presents no risk of flight and should be permitted liberty on bail while proceedings before this Court continue and while I attempt to resolve these charges on his behalf in Poland. This custody has frightened and disrupted his

Hon. James B. Clark, III
November 14, 2014
Page Three

family, and stymied his business as well as the volunteer efforts for his church and the recovery community which are so important to him.

    My client concedes that:

> [T]he standard for release on bail for persons involved in extradition proceedings is a more demanding standard than that for ordinary accused criminals awaiting trial. * * * [B]ecause of the treaty obligations of the United States, there is a presumption against bail in the former situation, and only 'special circumstances' will justify bail.

(Hu Yau-Leung v Soscia, 649 F.2d 914, 920 [2nd Cir. 1981] [citations omitted]).

    Nevertheless, bail is not infrequently granted under circumstances like those present here (see e.g., Hu Yau-Leung, supra; In re Extradition of Harshbarger, 600 F.Supp.2d 636 [M.D.Pa 2009] [bail granted under restrictive conditions]; Gouveia v Vokes, 800 F.Supp. 241, 243 [EDPA 1992] [risk of flight minimal where inter alia, married with two children and maintains what appears to be a successful business]; see also, Kapoor v Dunne Slip Copy, 2014 WL 1803271 [EDNY 2014] [noting bail granted pending hearing on extradition]).

    With respect to bail on an extradition request, "The trial judge has discretion to decide what constitutes special circumstances [to warrant bail], and the list of potential special circumstances is not limited to those previously recognized in published decisions as such decisions are merely instructive (In re Extradition of Kapoor, 2011 WL 2296535 *2 [EDNY 2011] [unreported] [citations omitted]). Included in what has been held to be special circumstances is where it is shown by clear and convincing evidence that bail is available for the substantive offense in the requesting country (id. at *3]).

    In addition, as this Court is aware, Poland apparently waited five years after knowing detainee's whereabouts before making its request to this country for extradition on these nineteen year old charges (see, Circuit Prosecutor's Office document dated March 10,

Hon. James B. Clark, III
November 14, 2014
Page Four


2010, p 6). This alone, it is submitted, should bear heavily in favor of a grant of bail.

> The most compelling argument in favor of release is the Indian government's "significant delay" in bringing its request for extradition. The records submitted with the extradition request indicate that the Indian government has had reason to believe that Kapoor was living in Queens, New York, since at least 2002, if not earlier. In addition, the original warrant for Kapoor's arrest was issued in 2003. Unlike in In re Extradition of Garcia, 615 F.Supp.2d 162, 172 (S.D.N.Y.2009), in which the court failed to find a lack of diplomatic necessity because numerous hearings had been ongoing in the Philippines, there is no indication in the record of any legal proceedings occurring in India between 2006 and 2010. This long delay signals that the Indian government has "not made prosecution of this offense a priority." Chapman, 459 F.Supp.2d at 1027. In Chapman, the court found special circumstances and granted bail in part because Mexico had waited three years after an incident and arrest before bringing extradition proceedings, displaying a "lack of any diplomatic necessity for denying bail." Id. In this case, the delay is even more glaring.

(Kapoor, supra at *3 [footnote omitted])

Thus, we believe that here the relevant factors unite to warrant a grant of bail to the detainee. At this Court's pleasure I will happily present witnesses from defendant's family, church and community to testify as to the strength of his ties and depth of his roots insofar as it pertains to this application.

Finally, I understand that federal immigration agents have visited and questioned my client during his present custody and during this period of my representation. I strenuously object to such contact and, at this Court's pleasure, will make a formal application to preclude use of such communication in any way against his interests.

Hon. James B. Clark, III
November 14, 2014
Page Five

      Thank you for your courtesies and kind attention.

                                      Respectfully,

                                      /s/ Livius Ilasz
                                      Livius Ilasz


cc:  (By ECF)
     Justin S. Herring, Esq.
     Assistant United States Attorney
     U.S. Attorney's Office, District of New Jersey
     970 Broad Street
     Newark, New Jersey 07102

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW JERSEY

------------------------------------x
IN THE MATTER OF THE EXTRADITION OF        MAG. No. **14-3225**

WIESLAW KOZLOWSKI                          CERTIFICATION OF
                                                SERVICE

------------------------------------x

    I hereby certify that on November 17, 2014, I served the accompanying papers on all parties via ECF to wit:

    Justin S. Herring, Esq.
    Assistant United States Attorney
    U.S. Attorney's Office, District of New Jersey
    970 Broad Street
    Newark, New Jersey 07102

    I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Dated:   New York, New York
        November 17, 2014

                                              /s/ Anna Cwiecek